# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONARDO RENÉ BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-428-G |
| | ) |
| MICHAEL D. BOOTHE et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff Leonardo René Brown, appearing pro se and proceeding *in forma pauperis*, filed a Second Amended Complaint on November 17, 2017, asserting claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his federal constitutional rights. *See* Second Am. Compl. (Doc. No. 27). For the reasons discussed below, the Court dismisses the sole remaining claim, an individual-capacity Eighth Amendment claim against Defendant Whitney Thompson, without prejudice for failure of service.[1]

## I.  Background

On September 14, 2018, the Court ordered service of the Second Amended Complaint upon Defendant Thompson. *See* Order of Sept. 14, 2018 (Doc. No. 34). This Order expressly warned Plaintiff that, even though the United States Marshals Service ("USMS") had been directed "to attempt to accomplish service" on his behalf, "service [was] ultimately Plaintiff's responsibility." *Id.* at 2 (citing Fed. R. Civ. P. 4(c)). Plaintiff

---

[1] The Court previously dismissed all claims against the other Defendants and dismissed the official-capacity claim against Defendant Thompson. *See* Order of Sept. 12, 2018 (Doc. No. 33) (Heaton, J.).

was given 21 days from the date of that Order (i.e., until October 5, 2018) to properly request the issuance of a summons, and 90 days from the date of the Order (i.e., until December 13, 2018) to ensure that a proof of service or waiver of service for Defendant Thompson had been filed with the Court. *See id.* at 1-2 (citing Fed. R. Civ. P. 4(c), (d), (*l*), (m)). Plaintiff was warned that "[t]he failure to file timely proof of service as to Defendant Thompson may result in the dismissal of the claims against her." *Id.* at 2 (citing Fed. R. Civ. P. 4(m)). This Order was mailed to Plaintiff at his address of record, along with the necessary forms for requesting the issuance of summonses. Plaintiff requested the issuance of a summons on October 9, 2018. *See* Pl.'s Req. Issuance of Summons (Doc. No. 36). On October 25, 2018, the USMS filed an unexecuted process return, containing the notation that Defendant Thompson does not work at the address Plaintiff provided. *See* First Process Receipt & Return (Doc. No. 39).

On December 3, 2018, Plaintiff filed a document titled "Statement for Service of Process" in which Plaintiff provided two new addresses for Defendant Thompson. *See* Pl.'s Notice (Doc. No. 40). Based upon this submission, the Court granted Plaintiff an extension of time in which to serve Defendant Thompson, ordered the Court Clerk to issue a summons directed to Defendant Thompson at the first new address provided by Plaintiff, and directed the USMS to attempt service at that address. *See* Order of Apr. 12, 2019 (Doc. No. 42). The USMS filed an unexecuted process return on May 2, 2019, which again indicated that Defendant Thompson did not work at the address provided. *See* Second Process Receipt & Return (Doc. No. 44).

The Court then granted Plaintiff a second extension of time, ordered the Court Clerk to issue a summons directed to Defendant Thompson at the second new address provided by Plaintiff, and directed the USMS to attempt service at this second new address. *See* Order of June 6, 2019 (Doc. No. 46). In its Order, the Court reminded Plaintiff that service is ultimately Plaintiff's responsibility. *See id.* at 2. After attempting service on Defendant Thompson a third time, the USMS filed a third unexecuted process return on July 31, 2019, which stated that Defendant Thompson does not work at the location provided. *See* Third Process Receipt & Return (Doc. No. 50).

Because Plaintiff had failed to file a proof of service or waiver of service for Defendant Thompson within the time provided, the Court on August 27, 2019, ordered that Plaintiff had until September 17, 2019, to show good cause in writing as to why his claim against Defendant Thompson should not be dismissed. *See* Order of Aug. 27, 2019 (Doc. No. 51). This Order expressly warned Plaintiff that failure to show good cause may result in the dismissal of Plaintiff's claim against Defendant Thompson. *See id.* at 3 (citing Fed. R. Civ. P. 4(m)). The Order was mailed to Plaintiff at his address of record and there is no indication from the docket that it was not received by Plaintiff. *See* LCvR 5.4(a). As of this date, Plaintiff has not responded to the Court's Order.

II.     Discussion

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although Plaintiff is a pro se litigant, he is required to comply with

3

the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's failure to complete proper service upon Defendant Thompson within the prescribed time limit is grounds for dismissal of the claim against her, absent justification for this failure. *See* Fed. R. Civ. P. 4(m).

District courts in this circuit "employ[] a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003). First, if the plaintiff shows good cause for his or her failure to properly serve a defendant, the court must extend the deadline for an "'appropriate period.'" *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (quoting Fed. R. Civ. P. 4(m)). Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendant Thompson, and no "good cause" is otherwise reflected in the record before the Court.[2] Fed. R. Civ. P. 4(m).

Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. In making this determination, the court should consider several factors, including whether "the applicable statute of limitations would bar the refiled action"; whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se

---

[2] That the USMS has been unable to effect service on Defendant Thompson does not amount to "good cause" for purposes of Fed. R. Civ. P. 4(m). While Plaintiff is entitled to service assistance from the USMS, it is incumbent upon him to supply the information that agency requires to locate and serve each Defendant. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]" (citation omitted)).

plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n.8 (internal quotation marks omitted). Defendant Thompson is not a United States officer or employee, and the Court granted Plaintiff's *in forma pauperis* application well before it authorized him to have process served on Defendant Thompson. *See* Fed. R. Civ. P. 4(i)(3); Order of Apr. 21, 2017 (Doc. No. 5) at 1-2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m),[3] and the Court discerns no other policy considerations that warrant another permissive extension in this case. Further, Plaintiff has been warned repeatedly that failure to accomplish service would result in a dismissal without prejudice and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016) (affirming dismissal under Rule 4(m) where "the district court first notified [the plaintiff] of its intention to dismiss the claims against [the defendants] for failure of service and gave [the plaintiff] time to show good cause for the failure of service").

---

[3] Though the two-year statute of limitations has likely expired for Plaintiff's § 1983 claims against Defendant Thompson, the expiration would not necessarily bar Plaintiff from refiling the action against Defendant Thompson in her individual capacity, if the claim is dismissed under Rule 4(m). *See* Second Am. Compl. at 5; *Espinoza*, 52 F.3d at 842. Plaintiff likely could rely upon Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, to file a new action against Defendant Thompson within one year of dismissal under Rule 4(m) because such a dismissal represents a "failure 'otherwise than on the merits' within the meaning of § 100." *Harper v. Bearden*, No. CIV-14-563-HE, 2015 WL 9590268, at *4 (W.D. Okla. Nov. 17, 2015) (R. & R.) (citing *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1277 (Okla. 1991)), *adopted sub nom. Harper v. Okla. Dep't of Corr. Dir.*, 2015 WL 9581862 (W.D. Okla. Dec. 30, 2015); *see Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (explaining that the "Oklahoma saving statute applies to § 1983 claims"); *Mann v. Warden, Fed. Transfer Ctr.*, No. CIV-15-1276-D, 2017 WL 544594, at *2 (W.D. Okla. Feb. 10, 2017).

CONCLUSION

Accordingly, the Court DISMISSES the individual-capacity claim against Defendant Thompson without prejudice for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 3rd day of October, 2019.

CHARLES B. GOODWIN
United States District Judge